UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MIGUEL M.,

                     Plaintiff,        <u>DECISION AND ORDER</u>
                                                         1:24-cv-01543-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In April of 2019, Plaintiff Miguel M.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Konoski & Partners, P.C., Bryan Matthew Konoski, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

      This case was referred to the undersigned on September 10, 2024. Presently pending are the parties' requests for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. For the following

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

reasons, Plaintiff's request is due to be denied, the Commissioner's request is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on April 10, 2019, alleging disability beginning May 24, 2018. (T at 16).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on November 2, 2020, before ALJ Sharda Singh. (T at 36-65). Plaintiff appeared with an attorney and testified. (T at 41-59). The ALJ also received testimony from Jane Gerrish, a vocational expert. (T at 60-64).

On December 18, 2020, ALJ Sharda issued a decision denying the application for benefits. (T at 13-35). On August 27, 2021, the Appeals Council denied Plaintiff's request for review. (T at 1-4).

Plaintiff commenced an action seeking judicial review in the United States District Court for the Southern District of New York. On August 30, 2022, the Honorable Andrew E. Krause, United States Magistrate Judge, approved a stipulation remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405 (g). (T at 975).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The Appeals Council entered a Remand Order on September 16, 2022. (T at 967-71).

A further administrative hearing was held on January 30, 2023, before ALJ Singh. (T at 944-66). Plaintiff appeared and testified. (T at 950-58, 959-61). The ALJ also received testimony from Andrew Vaughn, a vocational expert. (T at 958-59, 961-65).

B.   *ALJ's Decision*

On March 31, 2023, the ALJ issued a second decision denying the application for benefits. (T at 907-933).

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. (T at 912). The ALJ determined that Plaintiff engaged in substantial gainful activity after the alleged onset date, specifically between July and August of 2019, but found that there were continuous 12-month periods during which Plaintiff did not engage in substantial gainful activity after the alleged onset date. (T at 913).

The ALJ concluded that Plaintiff's cervical spine impairment, left shoulder impairment, lumbar spine impairment, left knee impairment, right knee meniscus tear (status post-surgery), asthma, major depressive

disorder, and post-traumatic stress disorder were severe impairments as defined under the Social Security Act. (T at 913).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 913).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can sit for 30 to 45 minutes, having to stand for 1 to 2 minutes and then return to sitting; he can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he is limited to occasional overhead reaching with the left upper extremity; frequent reaching in all directions with the left upper extremity; and frequent fine gross and hand manipulations bilaterally; must avoid unprotected heights, hazards and concentrated exposure to fumes, odors, dusts, and gases; and would need to use a cane for ambulation and balance, holding the cane with his left hand (T at 915).

The ALJ also found Plaintiff restricted to simple, routine, repetitive non-complex tasks, with no more than occasional contact with supervisors, co-workers, and the public, in a low stress environment, defined as

involving only occasional decision making, changes in work setting, and judgment. (T at 915).

The ALJ concluded that Plaintiff could not perform his past relevant work as a bus driver, police officer, or teacher aide. (T at 921). However, considering Plaintiff's age (30 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 921-22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 24, 2018 (the alleged onset date) and March 31, 2023 (the date of the ALJ's decision). (T at 924). On December 7, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 900-906).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 29, 2024. (Docket No. 1). On July 9, 2024, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 11). The Commissioner interposed a brief requesting judgment on the pleadings

on September 6, 2024. (Docket No. 12).  On September 18, 2024, Plaintiff submitted a reply brief in further support of his request. (Docket No. 13).

## II.  APPLICABLE LAW

### A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises one main argument in support of his request for reversal of the ALJ's decision.  Plaintiff contends that the ALJ committed legal error by failing to adequately explain her conclusion that Plaintiff retained the RFC to perform simple tasks independently.

A claimant's RFC is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When making an RFC determination, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as noted above, the ALJ determined, *inter alia*, that Plaintiff retained the RFC to perform simple, routine, repetitive non-complex tasks, with no more than occasional contact with supervisors, co-workers, and the public, in a low stress environment, defined as involving only occasional decision making, changes in work setting, and judgment. (T at 915).

Plaintiff argues that the ALJ failed to adequately explain how she reached the conclusion that he could perform simple tasks independently, given contrary evidence in the record.

In support of this argument, Plaintiff points to a consultative psychological evaluation performed by Dr. Ruth Grant in January of 2020. Dr. Grant diagnosed major depressive disorder and posttraumatic stress disorder. (T at 531). She opined that Plaintiff could follow and understand simple directions and instructions, but "may have moderate difficulty doing simple tasks independently …." (T at 531).  Dr. Grant also believed Plaintiff might have "significant difficulty" in other areas of mental functioning, including maintaining attention and concentration, sustaining a schedule, and performing complex tasks. (T at 531).

The ALJ found Dr. Grant's opinion "partially persuasive." (T at 919). The ALJ agreed that Plaintiff was "affected by moderate deficits in multiple areas of mental function including social abilities, concentration/cognitive abilities, and overall adaptive [functioning]," but found Dr. Grant's use of the term "significant" to describe certain limitations vague and concluded that the overall record supported a finding of only moderate mental deficits. (T at 919).

Plaintiff says that the ALJ appeared to accept the portion of Dr. Grant's opinion in which she assessed moderate impairment in his ability to perform simple tasks independently, but then failed to explicitly explain how she reconciled that finding with the conclusion that Plaintiff retained the RFC to perform simple tasks independently.  Plaintiff contends that this amounted to legal error requiring remand.

Plaintiff also argues that the ALJ erred by failing to explain how she reconciled the RFC findings with her conclusion at step three of the sequential evaluation that Plaintiff had moderate impairment in his ability to understand, remember, or apply information. (T at 914).

The Court finds Plaintiff's arguments unavailing.  Here's why. Even if Plaintiff's ability to perform tasks independently is moderately impaired, an ALJ can appropriately account for moderate mental impairments through an RFC containing non-exertional limitations like those found by the ALJ here. *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also*

*Campos v. Saul*, No. 18CV9809 (DF), 2020 WL 1285113, at *23 (S.D.N.Y. Mar. 18, 2020); *Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *13 (D. Conn. Oct. 19, 2020).

Moreover, the ALJ's overall conclusion that Plaintiff retained the RFC to meet the mental demands of a significantly reduced range of work is adequately articulated in her decision and well-supported by the record.

In January of 2020, Dr. Warren Leib, a non-examining State Agency review physician, opined that Plaintiff was not significantly limited in his ability to remember locations and work-like procedures, understand and remember very short and simple instructions, carry out very short and simple instructions, sustain an ordinary routine without special supervision, and make simple work-related decisions (T at 80-81). Dr. Leib concluded that Plaintiff could perform "simple work" (T at 75). In April of 2020, Dr. L. Haus, another State Agency Review physician, agreed with these findings (T at 92-93, 98-99).

The ALJ considered these assessments persuasive, finding that they were "consistent with the treatment record and supported by objective findings" (T at 921). The ALJ referenced the treatment record, accurately noting that mental status examinations did not evidence behavioral or

cognitive deficits other than "constricted affect/anxious or mildly depressed mood." (T at 919, 1222, 1224, 1226, 1228, 1230).

For these reasons, the Court concludes that the ALJ's RFC determination, which limited Plaintiff to a reduced range of unskilled work in a low-stress environment, is consistent with applicable law and is supported by substantial evidence. The denial of benefits must therefore be sustained. *See, e.g., Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)("None of the clinicians who examined [claimant] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations. Although there was some conflicting medical evidence, the ALJ's determination that Petitioner could perform her previous unskilled work was well supported."); *McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Martinez v. Comm'r of Soc. Sec.*, No. 13-CIV-159-KMK-JCM, 2016 WL 6885181, at *14 (S.D.N.Y. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 6884905 (S.D.N.Y. Nov. 21, 2016)("[S]uch limitations in concentration, dealing with

stress, and socialization have been found to be consistent with an RFC for unskilled work."); *Lee W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-008-DB, 2021 WL 1600294 at *6 (W.D.N.Y. Apr. 23, 2021) ("[U]nskilled work, by definition, already accounts for limitations in mental functioning, including limitations interacting with others and learning new tasks.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for Judgment on the Pleadings is DENIED; the Commissioner's request for Judgment on the Pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: September 23, 2024          *s/ Gary R. Jones*
                                    GARY R. JONES
                                    United States Magistrate Judge